**MAIL ADVERTISING CORPORATION OF AMERICA, Inc., et al., Appellants,**

v.

**UNITED STATES POSTAL SERVICE.**

No. 72-1211.

United States Court of Appeals, District of Columbia Circuit.

Argued March 9, 1972.

Decided March 10, 1972.

Mr. Joseph H. Sharlitt, with whom Mr. Neal E. Krucoff, Washington, D. C., was on the pleadings, for appellants. Mr. Lemuel R. Green, Washington, D. C., also entered an appearance for appellants.

Mr. Joseph B. Scott, Atty. Dept. of Justice, a member of the bar of the Supreme Court of California, pro hac vice, by special leave of court, with whom Mr. Alan S. Rosenthal, Atty. Dept. of Justice, was on the pleadings, for appellee.

On Appellants' Motion for Summary Reversal

Before McGOWAN, MacKINNON and ROBB, Circuit Judges.

PER CURIAM:

Although denominated an appeal from an order of the District Court denying the motion for a convocation of a three judge District Court pursuant to 28 U.S.C. § 2282, we have treated the papers before us as a petition for a writ of mandamus directing such convocation. After careful consideration of the arguments set out in the papers and in oral argument, we deny the petition on the ground that no substantial constitutional question is presented.

Petitioners sought an injunction against enforcement of the Postal Reorganization Act of 1970, 39 U.S.C. § 101 *et seq.* (1970), as it applies to the authority of the Postal Service to set temporary rates, asserting a number of alleged constitutional deficiencies.

We find no merit in the contention that the Act does not contain sufficient standards laid down by Congress to guide the Postal Service in its determination of the level of temporary rates. See the limitations contained in 39 U.S.C. § 3641 (1970) and the reference therein to the other provisions of the title.

With respect to the due process claim, we also find meritless the contention that the Act precludes any judicial scrutiny of temporary rates. Section 3628 which limits the jurisdiction of the courts, deals only with decisions of the Commission or the Governors; not with the Board of Governors—which exercises the power of the Postal Service to set temporary rates. See 39 U.S.C. §§ 102, 202, 3641 (1970).

Petitioners' remaining claims regarding the Act's unconstitutionality concern the lack of any express provision for a hearing prior to implementation of temporary rates, and the lack of any provision to account for the revenue received by the Postal Service pursuant to temporary rates which are subsequently found to be excessive. These claims appear to us, however, to be directed to the implementation of the statute rather than to the statute itself. Without intimating any view on the merits of such claims, we hold that they do not necessitate the convocation of a three judge District Court.

Petition denied.